UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------X
HENRY JACKSON,

                *Plaintiff*,

      v.

HON. STEVEN Z. MOSTOFSKY, et al.,

              *Defendants.*
--------------------------------X

<u>ORDER</u>

19-CV-699(KAM)(LB)

**KIYO A. MATSUMOTO, United States District Judge:**

      Henry Jackson ("Plaintiff") initiated the instant action *pro se* on January 24, 2019 by filing a complaint in the United States District Court for the Southern District of New York.  (*See* Case No. 19-cv-750, S.D.N.Y.)  On January 29, 2019, Judge Colleen McMahon *sua sponte* transferred the case to this district, because Plaintiff's allegations involved events that took place at NYU Langone Hospital-Brooklyn, and Plaintiff did not allege that any defendants resided in the Southern District of New York.  (*See* Case No. 19-cv-750, S.D.N.Y., ECF No. 4, Transfer Order.)  For the reasons herein, Plaintiff's case is dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

      Plaintiff's allegations are set out more fully in the Court's previous orders in this case.  By Memorandum and Order entered December 18, 2019, this Court granted Plaintiff's motion to proceed *in forma pauperis*, dismissed the complaint without prejudice for failure to state a claim, and granted Plaintiff

leave to file an amended complaint within 30 days.  (ECF No. 7, Memorandum and Order.)  Plaintiff consented to receive electronic service of notices and documents in this case, but Plaintiff did not provide his email address.  (*See* ECF No. 3, Consent to Receive Electronic Service.)  The Clerk of Court mailed the Court's December 18, 2019 Memorandum and Order to the physical address Plaintiff provided to the Court, but the United States Postal Service returned the mail as undeliverable on January 3, 2020.  (*See* ECF No. 8, Mail Stamped "Returned to Sender.")  Plaintiff did not file an amended complaint within the time allowed.

By Order to Show Cause dated February 4, 2020, the Court directed Plaintiff to provide the Court with a current address within 14 days, and warned that failure to comply would result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute.  (ECF No. 9, Order to Show Cause.)  The Order to Show Cause was mailed to Plaintiff at his address of record that day.

To date, Plaintiff has not provided a current address or submitted an amended complaint.  The docket in the Southern District of New York, where Plaintiff initially filed his complaint, likewise does not reflect that Plaintiff made any further filings.  The Court, therefore, will dismiss this action for failure to prosecute.  "Although not explicitly authorized

2

by Rule 41(b) [of the Federal Rules of Civil Procedure], a court may dismiss a complaint for failure to prosecute *sua sponte*." *Zappin v. Doyle*, 756 F. App'x 110, 111-12 (2d Cir. 2019).  A court considering whether to dismiss an action for failure to prosecute must weigh the following factors:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.  No single factor is generally dispositive.

*Id.* at 112 (quoting *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014)).  All of the above factors favor dismissal of Plaintiff's case.

*First*, Plaintiff has taken no action in this case since he filed his complaint a year and a half ago, in January 2019.

*Second*, the Court's December 18, 2019 Memorandum and Order and February 4, 2020 Order to Show Cause put Plaintiff on notice that the Court would dismiss this action unless Plaintiff filed an amended complaint.

*Third*, "while the prejudice to defendant and the burden on the Court are currently minimal, [P]laintiff's delay 'lean[s] in the direction of dismissal' even if 'only slightly.'"  *Rozell v. Berryhill*, No. 18-cv-969, 2019 WL

1320514, at *2 (S.D.N.Y. Mar. 25, 2019) (quoting *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 210 (2d Cir. 2001)). The defendants have an interest in having open cases against them closed where a plaintiff has not taken the necessary steps to plead sufficient facts to put them on notice of alleged wrongdoing.

*Fourth*, although the Court recognizes Plaintiff's interest in receiving a fair chance to have his case heard, it must also consider the heavy demands of its docket. This action is now a year and a half old and Plaintiff has not prosecuted his case or complied with the Court's orders to file an amended complaint. Indeed, Plaintiff has taken no action since filing his complaint.

*Finally*, no lesser sanction will be effective in moving this action forward. "Given [P]laintiff's *in forma pauperis* status, '[m]onetary sanctions cannot be relied on because the plaintiff is indigent.'" *Zuzick v. Comm'r of Soc. Sec.*, No. 19-cv-539, 2019 WL 5086689, at *2 (D. Conn. Oct. 10, 2019) (quoting *Bhatia v. Pitney Bowes, Inc.*, No. 04-cv-1484, 2006 WL 2661143, at *1 (D. Conn. Sept. 14, 2006)).

Accordingly, the case is hereby dismissed. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith, and therefore *in forma pauperis* status is denied for purpose of an appeal. The Clerk

4

of Court is respectfully directed to enter judgment dismissing the case, to mail a copy of this Order and the judgment to the address Plaintiff provided, and to close this case.

**SO ORDERED.**

Dated:     Brooklyn, New York
           June 18, 2020

_____/s/_____
Hon. Kiyo A. Matsumoto
United States District Judge
